OPINION
Plaintiff-appellant, Molly Hurd Barker, appeals from the divorce decree entered by the Union County Court of Common Pleas, Domestic Relations Division, which incorporated the parties' in-court settlement agreement.
Molly and Michael Stuart Barker were married on May 10, 1980. Two children were born during their marriage, Matthew, January 22, 1987, and Michael, November 21, 1989.
Molly filed for a divorce on November 3, 1999. Prior to the final hearing, the parties stipulated that they were incompatible. At the final hearing before the magistrate on March 7, 2000, the parties were present with their attorneys. The attorneys advised the magistrate that the parties had reached an agreement, which was then read in open court into the record. The agreement provided that the parties' marital residence valued at $132,000 would be awarded to Molly, including the equity of $64,000. The agreement, however, required Molly to either refinance or to sell the property within a period of two years and to pay the mortgage and expenses associated with the residence.
The parties also agreed to the division of the household goods and other personal property of the parties. Molly was to retain an automobile and Michael assumed responsibility for the leased vehicle and was to retain a Honda Twin Star motorcycle. Michael received his 401(K) account in the amount of $31,816.28; his Honda and Rockwell pension accounts in the amounts of $11,386.32 and $2,720.87; and $7,396 from the mutual fund account previously cashed in. Michael agreed to pay numerous debts amounting to approximately $28,000. Michael would also pay child support to Molly in the amount of $234.50 per week pursuant to the child support guidelines.
The parties agreed to offset Michael's spousal support obligation in the amount of $75 per week for a period of two years against an equalizing distribution in the amount of approximately $22,500 on the division of assets and liabilities. Thus, when the marital residence is either sold or refinanced, Molly would pay a net equalizing distribution to Michael of $14,857.36, with a federal income tax refund offset. Due to the income tax consequences of the "setoff" against his spousal support obligation, Michael was to be awarded the income tax dependency exemption for both children for the years 2000, 2001 and 2002. Beginning in 2003, each party would claim a dependency exemption, with an alternating schedule after a child became emancipated.
Molly now appeals from the divorce decree which incorporated the entire settlement agreement and raises the following three assignments of error:
 The trial court erred to the prejudice of the plaintiff-appellant and abused its discretion by not awarding her sustenance alimony, and failing to consider the eleven factors enumerated in R.C. 3105.18.
 The trial court erred to the prejudice of the plaintiff-appellant and abused its discretion with respect to the property division of marital assets, by failing to consider the factors enumerated in R.C. 3105.171.
 The trial court erred to the prejudice of the plaintiff-appellant and abused its discretion in failing to award the income tax exemption for the parties' minor children to the plaintiff-appellant.
 It is clear that Molly does not dispute the existence of the agreement or the agreement's terms. Rather, she claims in her first assignment of error that the trial court abused its discretion by failing to consider the statutory factors set out in R.C. 3105.18(C) to award spousal support and by failing to consider the issue of spousal support after the division of property had taken place. Molly contends in her second assignment of error that the trial court abused its discretion in failing to apply the property distribution factors set forth in R.C. 3105.171 to equitably distribute the parties' property. Molly's third assignment of error is that the trial court abused its discretion by failing to award the income tax dependency exemption to her. Because of the interrelated nature of the assignments of error, we will discuss them together.
In Thomas v. Thomas (1982), 5 Ohio App.3d 94, 100, the court found no authority in Ohio that requires a court entering a judgment that incorporates the terms of an "in-court" settlement to consider the factors set out in R.C. 3105.18. As the Thomas
court held, "R.C. 3105.18 directs the procedures to be followed by the trial courts in contested proceedings and is not applicable to uncontested proceedings where the parties have stipulated an `in-court' settlement." Id; see, also, Flash v. Flash (Apr. 9, 1998), Cuyahoga App. No. 72319, unreported, at *4, 1998 WL 166151 (stating that "R.C. 3105 applies to contested divorce proceedings and has no application to settlement agreements."). Furthermore, the trial court is not "required to determine an equal property division as a condition precedent to the acceptance of a settlement agreement." Davis v. Davis (Apr. 18, 1996), Cuyahoga App. Nos. 68672, 69121, unreported, at *2, 1996 WL 191785, citingDiPietro v. DiPietro (1983), 10 Ohio App.3d 44.
In this case, the record clearly demonstrates that Molly was aware of the terms of the settlement and did in fact assent to them. At the final hearing on March 7, 2000, the magistrate addressed Molly personally regarding the settlement terms after they were read into the record and took testimony that she was in agreement with the settlement. The magistrate also asked Molly if she understood what was being discussed regarding spousal support, tax filings, credits, and the other marital issues. Molly responded affirmatively. The record shows that when the magistrate specifically asked her if she was in agreement with regard to the dependency exemption, Molly answered: "Yes, I am."
Although Molly and her counsel agreed to waive the filing of a magistrate's decision, the time period in which to file objections to the magistrate's decision and consented to the immediate filing of an agreed judgment entry, Molly refused to sign the entry. However, even assuming arguendo that Molly had preserved her arguments for appeal, the same is nonetheless not well taken. The in-court settlement agreement adopted by the trial court into the decree of divorce obviated the need to apply the statutory provisions of R.C. 3105.171 and R.C. 3105.18. Nor was the trial court under a duty to allocate the federal tax dependency exemption in view of the agreement. Nevertheless, the court did find that the parties' agreement was, in fact, fair and equitable, and there is no indication in the record to the contrary. We can, therefore, find no abuse of the trial court's discretion in journalizing the divorce decree which incorporated the settlement agreement of the parties.
Accordingly, Molly's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
HADLEY, P.J., and WALTERS, J., concur.